DUCKER, JUDGE:
Claimant, Harold E. Bondy, M.D., alleges he is entitled to compensation in the amount of $2,000 for medical services rendered by him at the Fairmont Emergency Hospital, by reason of his employment for services by the Acting Administrator of said hospital during a period extending from June 1969 until May 1970 at the rate of $50 for each day’s services.
The claimant was employed as a relief physician on a temporary basis for three full weeks and thereafter at such times as were designated for the performance of his services, the total time of services being forty days. Claimant’s testimony as to his work is not contradicted or denied. He also stated that he was often the only physician on duty and that he would sometimes see thirty-five patients a day. He was paid $1,000 for the month of June 1969 by State Warrant, and was then retained for the remainder of the year and was never asked to sign, or advised that he needed, a written contract. Although the answer of the respondent alleges the claimant was so advised in January 1970, there is no evidence to support such statement. Nor is there any evidence to the effect that the claimant did not fender the services for which he now seeks to be paid. Claimant says he was informed by L. O. Shingleton, the Finance Administrator of the hospital, and Dr. Salezar to submit his claims and that he would be paid “through a reappropriation of funds or something of that nature,” but that he never was paid.
The only question in this case is whether the claim, which was not based on a written contract is legal and can be allowed. The State received the benefit of the services rendered, and there is no proof to *124 the effect that the rate of compensation is not reasonable for the class of services.
We are not unmindful of two cases decided by this Court denying compensation when the employment of the claimant was in contravention of specific statutes, such cases being Mountain State Consultants, Inc. vs. Workmen’s Compensation Commission — Claim No. D-100, and Edward C. Freeman vs. West Virginia Department of Natural Resources — Claim No. D-398.
In the Mountain State Consultants, Inc. case, the employment of the claimant was in violation of specific provisions of a Compulsory Retirement Age Act, Chapter 5, Article 14, of the West Virginia Code, which was repealed by Chapter 45, of the 1968 Acts of the Legislature. In that case the claimant attempted to use a corporate cloak to avoid the application of the statute.
In the Edward C. Freeman case, the claimant was an attorney employed by the Department of Natural Resources to do title research in connection with one of its projects, in violation of Chapter 5, Article 3, Section 1 of the Code, which provides that it is unlawful for any state officer, other than the Attorney General, to employ attorneys for their work.
In the two above cited cases, there were specific statutory inhibitions against the employment involved. Here we have been shown no such prohibitions, or at least we are not aware of any, except that expenses of the various agencies must be kept within their budgetary limitations. Respondent has answered only with the defense that the officer acted without authority and without a written contract.
However, much as we dislike approving technically unauthorized obligations or expenses incurred by the various agencies of the State, we cannot ignore the justness of a claim. Here those in charge of the hospital employed the claimant, and he performed the service for which he was employed and the State accepted and received the benefit. We do not feel that claimant could be charged with any knowledge that there was anything not strictly legal in his employment or that he was put upon notice to enquire. As the constitutional immunity is waived to give this Court jurisdiction of cases' and this claim would undoubtedly, we think, be one upon which judgment could be rendered in other courts against any one else, we feel judgment should like *125 wise be rendered here against the State. Each case must be determined by the facts involved and not upon any specific principle of law.
We, therefore, are of the opinion that the claim is just and should be paid, and, consequently, we award the claimant $2,000.
Award of $2,000.